IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
JEFFREY BOWEN; LEIGH BOWEN;       *
and TYLER BOWEN,                  *
                                  *
         Plaintiffs,              *
                                  *
         v.                       *      CV 618-112
                                  *
TELFAIR COUNTY SCHOOL DISTRICT    *
d/b/a TELFAIR COUNTY HIGH SCHOOL; *
MATTHEW BURLESON;                 *
MEADOWS REGIONAL MEDICAL CENTER   *
d/b/a MEADOWS HEALTHCARE          *
RESOURCES, INC. and               *
MEADOWS SPORTS MEDICINE;          *
STEPHANIE MOODY; and              *
JOHN DOES 1-10,                   *
                                  *
         Defendants.              *
```

**O R D E R**

Presently before the Court are Defendants' Motion for Partial Judgment on the Pleadings (Doc. 15) and Plaintiff's Motion for Hearing on Defendants' motion (Doc. 23). For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for judgment on the pleadings and **DENIES** the motion for hearing.

**I. BACKGROUND**

This case arises out of Plaintiff Tyler Bowen's injuries sustained as a member of Telfair County High School's football team. (Compl., Doc. 1, Ex. 2.) While playing in a football game on September 9, 2016, Tyler suffered a concussion. The football

team's coach and Telfair County High School employee, Matthew Burleson, allowed Tyler to continue playing after Tyler exhibited symptoms of a concussion. (Id. ¶¶ 7-13.) Tyler then suffered more blows to the head during the game. A doctor later diagnosed Tyler with a concussion, his symptoms including cognitive impairment, memory alteration, mood swings, diminished academic ability, and reduced ability to complete everyday activities. (Id. ¶¶ 11-12.)

Plaintiffs sued in state court naming Matthew Burleson and Telfair County School District ("TCSD") as two defendants among others. Plaintiffs assert negligence and intentional tort claims in addition to a 42 U.S.C. § 1983 claim. The case was removed to this Court on October 31, 2018. (Doc. 1.) Now, Defendants Matthew Burleson and TCSD move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Doc. 15.) Plaintiffs also move for a hearing on Defendants' motion. The Court will address each in turn.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Legal Standard

The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same. Carbone v. Cable News Network, Inc. 910 F.3d 1345, 1350 (11th Cir. 2018). A motion for

judgment on the pleadings does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Scheur v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Davis v. Scherer, 468 U.S. 183, 191 (1984). Therefore, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond [a] mere possibility . . . must be alleged." Twombly, 550 U.S. at 557-58 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). When, however, based on a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the

complaint is appropriate. See Executive 100, Inc. v. Martin Cty., 922 F.2d 1536, 1539 (11th Cir. 1991).

### B. Discussion

Defendants' motion is based on three arguments: 1) Matthew Burleson has qualified immunity for the § 1983 claim against him; 2) TCSD has sovereign immunity under the Georgia Constitution for the state law claims against it; and 3) Burleson has official immunity under the Georgia Constitution for the state law claims against him in his individual capacity.

#### 1. Qualified Immunity as to the § 1983 Claim

Qualified immunity offers complete protection to government officials acting in their discretionary capacity when sued in their individual capacities so long as their conduct does not violate clearly established law. Harlow v. Fitzgerald, 457 U.S. 800, 815-18 (1982). An official acts within his or her discretionary authority when the "objective circumstances . . . compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." Courson v. McMillian, 939 F.2d 1479, 1487 (11th Cir. 1991) (quotation omitted). Burleson was acting within his discretionary authority here; there is nothing in the Complaint alleging that Burleson was acting outside his authority, and Plaintiff alleges Burleson was an employee of TCSD acting within the scope of his employment at the time of the alleged injury. (Compl. ¶ 14.)

4

To overcome qualified immunity a plaintiff must demonstrate: (1) that the official's conduct violated a statutory or constitutional right and (2) the right was clearly established at the time of the challenged conduct. Randall v. Scott, 610 F.3d 701, 715 (11th Cir. 2010); see also Pearson v. Callahan, 555 U.S. 223, 232-36 (2009) (holding that courts have discretion to conduct the two-part analysis in whichever order is appropriate given the situation).

Plaintiffs incorrectly assert that Pearson no longer requires a plaintiff to satisfy both parts of the analysis. (Doc. 19, at 6.) Instead, Pearson does away only with the Saucier rule, which was the requirement that courts conduct their analysis of the two parts in order. Pearson, 555 U.S. at 236-42 (explaining why the ordering requirement in Saucier v. Katz, 533 U.S. 194, 201 (2001) is sometimes cumbersome when applied at the trial level). Therefore, if Plaintiff has not pleaded facts to satisfy both parts of the analysis, his § 1983 claim will fail.

Although Pearson allows otherwise, starting with the question of whether Plaintiff Tyler Bowen's constitutional rights were violated is appropriate here. Plaintiffs argue that Burleson's conduct amounted to a violation of Tyler's substantive due process rights to physical safety, bodily integrity, and freedom from unreasonable risk of harm under the Fourteenth Amendment. (Doc. 19, at 7.)

5

"Conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience-shocking in a constitutional sense." Davis v. Carter, 555 F.3d 979, 982 (11th Cir. 2009). The United States Supreme Court has rejected negligent conduct as conscience-shocking: "We have accordingly rejected the lowest common denominator of customary tort liability as any mark of sufficiently shocking conduct, and have held that . . . liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." County of Sacramento v. Lewis, 523 U.S. 833, 848-49 (1998). On the other hand, intentionally injurious conduct unsupported by any government interest is the sort of conduct most likely to rise to the conscience-shocking level. Id. As demonstrated below, this is a difficult standard for a plaintiff to satisfy.

In Davis v. Carter, the Eleventh Circuit considered whether a football coach's conduct at a training session constituted a violation of a student's substantive due process rights. 555 F.3d at 980-81. There, the defendant coach failed to provide water to the student, ignored the student's complaints that he was dehydrated, and continued to subject the student to drills even though he had collapsed. Id. The student died the morning following the training session, allegedly as a result of the

coach's conduct. Id. at 981. In reversing the district court and granting the coach's motion to dismiss, the Eleventh Circuit ruled that the coach's deliberate indifference to the student did not shock the conscience. Id. at 984.

In Nix v. Franklin Cty. Sch. Dist., 311 F.3d 1373, 1374-75 (11th Cir. 2002) a high school student died after his teacher instructed him to hold on to the insulated portion of a live wire. When the teacher turned to answer a question, the student grasped the uninsulated end of the wire and died from electrocution. Id. Even though the teacher knew that students would inevitably accidentally touch live wires and that some students were intentionally shocking themselves, the teacher's deliberate indifference did not amount to a substantive due process violation. Id. at 1378.

In an even more egregious case, a college instructor slammed a door on a student, causing her arm to break through a glass pane in the door and become stuck. Dacosta v. Nwachukwa, 304 F.3d 1045, 1047 (11th Cir. 2002). The instructor then swung the door to knock the student away from it. Id. The student's arm still lodged in the broken pane, the instructor reached through the pane and shoved the student's face until other students restrained him. Id. The court held that because the complaint alleged no more than the tort of battery, the conduct did not rise to a conscience-shocking level in a constitutional sense. Id. at 1049.

7

Turning to the case at bar, Plaintiffs allege in their complaint that Defendants Burleson and TCSD were negligent and, in the alternative, acted intentionally with "actual malice" to injure Plaintiff. (Compl. ¶¶ 32-33.) The factual underpinnings for these claims are essentially that Burleson knew or should have known that Tyler Bowen was concussed and prevented him from reentering the game. (Id.) Plaintiff also adds—without elaboration—that Burleson "acted with actual malice and intent to cause injury to Tyler Bowen." (Id. at ¶¶ 32-33.) A court need not accept this sort of "naked assertion devoid of further factual enhancement" at the pleading stage. Iqbal, 556 U.S. at 678 (quotation omitted); see also Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) ("[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." (citation omitted)). Even construed in the light most favorable to Plaintiffs, when compared to the facts in Davis, Nix, and Dacosta, Burleson's conduct does not rise to a level that shocks the conscience as a matter of law.

To conclude, Plaintiffs' well-pleaded facts set forth at most a negligence claim which does not constitute a conscience-shocking violation of his substantive due process rights. Accordingly, Defendant Burleson is entitled to qualified immunity as to the § 1983 claim against him. See Davis, 555 F.3d at 984 (declining to address the "clearly established" portion of the qualified

immunity analysis when plaintiff failed the "existence of right" portion).

## 2. Sovereign Immunity as to the State Tort Claims

The Georgia Constitution as amended in 1991 provides sovereign immunity to the "state and all of its departments and agencies." Ga. Const. art. 1, § 2, para. 9(e). County school districts are protected under this provision. See Wellborn v. DeKalb Cty. Sch. Dist., 489 S.E.2d 345, 347 (Ga. App. 1997) ("The [] School District is a political sub-division of the State of Georgia, and is vested with sovereign immunity unless such immunity is waived in accordance with [the Georgia Constitution]."); Coffee Cty. Sch. Dist. v. Snipes, 454 S.E.2d 149, 150 (Ga. App. 1995) ("We conclude that the 1991 amendment extending sovereign immunity 'to the state and all of its departments and agencies' includes county-wide school districts . . . .") The General Assembly waived portions of the state's sovereign immunity in the Georgia Tort Claims Act ("GTCA"). See generally O.C.G.A. § 50-21-20 *et seq.* However, this waiver does not apply to counties and school districts. O.C.G.A. § 50-21-22(5) (defining the word "state" in the GTCA to exclude counties and school districts); Woodard v. Laurens County, 456 S.E.2d 581, 582 (Ga. 1995) (noting that counties retain their immunity except to the extent of insurance purchased to cover negligent acts involving vehicles).

Plaintiffs asserting a waiver of sovereign immunity bear the burden of establishing the waiver. Bd. of Regents of Univ. Sys. of Ga. v. Daniels, 446 S.E.2d 735, 736 (Ga. 1996). Here, Plaintiffs base their waiver argument on two sections of the Georgia Code: §§ 20-2-991 and 36-33-1. They contend that these sections waive Georgia school districts' immunity to the extent there is insurance available to pay out judgments against the district.

Despite their contentions, these statutes do not help Plaintiffs. In Athens-Clarke County v. Torres, 540 S.E.2d 225, 226 (Ga. App. 2000) the court ruled that § 36-33-1 "by its terms applies to municipal corporations, not to counties." Plaintiff here is suing a county school district, not a municipal corporation. With respect to § 20-2-991, Georgia courts have ruled that this section does not serve as a waiver of sovereign immunity. Crisp Cty. Sch. Sys. v. Brown, 487 S.E.2d 512, 515 (Ga. App. 1997) ("[T]he provisions of O.C.G.A. § 20-2-991, authorizing the purchase of liability insurance by the board of control or education . . . do not provide a waiver of sovereign immunity as contemplated by the 1991 constitutional amendment." (citing Coffee Cty. Sch. Dist., 454 S.E.2d at 151)).

Here, Plaintiff asserts negligence and intentional tort claims against Defendant TCSD. (Compl., ¶¶ 18, 27.) Because TCSD is entitled to sovereign immunity, Plaintiff must show a waiver of

that immunity to continue at this stage. He has failed to do so. Accordingly, judgment is granted in TCSD's favor as to the state tort claims asserted against it.

### 3. Official Immunity as to the State Tort Claims

Plaintiffs bring state negligence and intentional tort claims against Defendant Burleson, who responds that he is entitled to official immunity on both claims. (Compl. ¶¶ 18-22.)

Unless the General Assembly provides otherwise, state employees are subject to tort suits in only two situations: when injuries are caused by their negligent performance of ministerial duties, and when injuries flow from their official functions carried out with actual malice or actual intent to injure. Ga. Const. art. 1, § 2, para. 9(d). In other words,

> a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or intent to injure. The rationale for this immunity is to preserve the public employee's independence . . . and prevent a review of his or her judgment in hindsight.

Murphy v. Bajjani, 647 S.E.2d 54, 56-57 (Ga. 2007) (quoting Cameron v. Lang, 549 S.E.2d 341, 344 (Ga. 2001)). Thus, with respect to Plaintiffs' negligence claim, the Court must consider whether Defendant's acts were ministerial. As to Plaintiffs' intentional tort claim, the Court must consider whether Defendant acted with actual malice.

The Supreme Court of Georgia defines a ministerial act as "simple, absolute, and definite, arising under conditions admitted

11

or proved to exist, and requiring merely the execution of a specific duty." Murphy, 647 S.E.2d at 57 (citation omitted). The opposite of a ministerial act is a discretionary act. A discretionary act is one that requires deliberation and judgment, an examination of facts to reach a conclusion, and action not directed by a specific duty. Id.

Plaintiffs allege that Defendant Burleson acted negligently in five ways:

> a) In failing to obtain the knowledge that would prevent or minimize the risk of head injury to football players, specifically Tyler Bowen;
>
> b) In failing to implement programs, policies and procedures to prevent or minimize the risk of head injury to football players, specifically Tyler Bowen;
>
> c) In failing to recognize that Tyler Bowen had symptoms suggestive of a concussion during the September 9, 2016 football game;
>
> d) In allowing Tyler Bowen to continue playing in the September 9, 2016 football game despite Tyler having exhibited symptoms suggestive of a concussion; and
>
> e) In failing to perform his ministerial duties established by [TCSD] policies, Meadows policies, Georgia High School Association . . . policies, and Georgia Law in regards [sic] to concussions and preventing catastrophic injuries post-concussion.

(Compl. ¶ 18.) The conduct alleged in sub-paragraphs (a) through (d) is discretionary; these sub-paragraphs all involve an examination of facts, judgment, and action not directed by a specific duty. For this reason, the allegations in sub-paragraphs (a) through (d) cannot support a claim against Defendant Burleson

because he is entitled to official immunity. The conduct in the final sub-paragraph, however, is ministerial.

In Austin v. Clark, 755 S.E.2d 796, 799 (Ga. 2014), the Supreme Court of Georgia reversed the trial court's decision to dismiss a plaintiff's case as one alleging negligence in the course of a discretionary duty. There, the plaintiff was injured when she tripped on a school sidewalk, alleging that the defendants negligently performed ministerial duties related to maintaining the sidewalk. Id. at 798. Although the complaint contained no description of the defendants' duties, the court noted the possibility that future discovery would reveal a "detailed laundry list of discrete tasks each individual was required to perform" to ensure the sidewalk was properly maintained. Id. at 799. It did not matter that plaintiff's complaint lacked reference to any procedures regarding sidewalk maintenance; dismissal at the pleading stage was not appropriate. Id.

Here, Plaintiffs allege that Defendant Burleson failed to perform ministerial duties specified in policies for concussion prevention and care. This meets the "facial plausibility" pleading standard set out in Iqbal; there is sufficient factual content to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678 (citing Twombly, 550 U.S. at 556, 570). In other words, Plaintiff's complaint pleads enough facts for the Court to make

13

the reasonable inference that Burleson did not follow a set of specific policies for the prevention and treatment of concussions. Accordingly, to the extent that Plaintiffs state a claim of negligence in failing to follow specific policies, Defendant Burleson is not entitled to official immunity.

Plaintiffs plead as an alternative to their negligence claim that Defendant Burleson "acted with actual malice and intent to cause injury to Tyler Bowen while performing his discretionary duties." (Compl. ¶ 27.) This is the sort of "naked assertion devoid of further factual enhancement" that fails to meet pleading standards. See Iqbal, 556 U.S. at 678 (quotation omitted). Accordingly, Defendant Burleson is entitled to judgment on Plaintiffs' intentional tort claims.

### III. CONCLUSION

Upon consideration of the law and pleadings, Defendants Matthew Burleson's and TCSD's motion for judgment on the pleadings (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART** in accordance with this order. Defendant TCSD is entitled to sovereign immunity on the state tort claims. Defendant Burleson is entitled to qualified immunity on the § 1983 claims and official immunity on the state tort claims except for the negligence claim based on his failure to follow concussion treatment and prevention procedures. Further, Plaintiffs' motion for hearing (Doc. 23) is **DENIED AS**

14

**MOOT**. See Local Rule 7.2 ("Motions shall generally be determined upon the motion and supporting documents . . . .") As per the Court's previous order, the parties shall confer and submit a Rule 26(f) Report, with proposed deadlines, within fourteen days of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of September, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA